# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

| | |
|---|---|
| ALBERT TAYLOR | CIVIL ACTION NO. 3:13-cv-0972 |
|     LA. DOC #574313 | |
| VS. | SECTION P |
| | |
| | JUDGE ROBERT G. JAMES |
| MOREHOUSE PARISH WORK | |
| RELEASE, ET AL. | MAGISTRATE JUDGE KAREN L. HAYES |

### REPORT AND RECOMMENDATION

*Pro se* plaintiff Albert Taylor, an inmate in the custody of Louisiana's Department of Corrections, who is incarcerated at the Morehouse Parish Detention Center, Collinston, Louisiana, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on May 17, 2013. Plaintiff participates in the Morehouse Parish Work Release Program. He  complains about the manner and amount of money that is deducted from each check and about the way he and his fellow inmates are treated. He sued Warden Issac Brown, Danny Magrew,  and Sheriff Mike Tubbs and he asks the Court to decide if the amount of money, and the manner in which it is deducted, is fair and he asks for an order directing the defendants to refrain from "interfering with inmates at work..." This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous.

### *Background*

Plaintiff is an LDOC inmate who has been allowed to participate in the Morehouse Parish Work Release Program which is supervised by Warden Brown, Danny Magrew, and Sheriff

Tubbs. According to the plaintiff, 62% of his gross inmate wages are deducted by the Program.
He also complains that he and his fellow inmates are treated like "slaves, even while at work"
and they are "yelled at, cussed in front of the public."

### Law and Analysis

### 1. Screening

As a prisoner seeking redress from an officer or employee of a governmental entity,
plaintiff's civil rights complaint is subject to preliminary screening pursuant to 28 U.S.C.
§ 1915A, even though he has paid the full filing fee. *See Martin v. Scott,* 156 F.3d 578, 579-80
(5th Cir.1998) (per curiam). Section  1915A(b) provides for *sua sponte* dismissal of the
complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state
a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who
is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke
v. Williams,* 490 U.S. 319, 325 (1989).

### 2. Work-Release Deductions

Plaintiff complains that the defendants violated his constitutional rights by taking funds
from his account in excess of the amount permitted under state law; he implies that this wrongful
"taking" violates the Due Process Clause of the Fourteenth Amendment which prohibits the
taking of property absent due process. Specifically, he complained that the defendants have
deducted 62% of his gross wages.  LSA – R.S. 15:1111 authorizes the establishment and
administration of work-release programs.  With regard to deductions, the statute provides,

> D. Every inmate with work release privileges shall be liable for the cost of his
> room, board, clothing and other necessary expenses incident to his employment or

placement unless other means of payment are approved by the department.

E. The wages of any inmate so employed shall be collected by the agency or organization operating the work release program and deposited in a public banking institution. An accurate account of the financial status of each inmate shall be maintained and shall be subject to the approval of the secretary of the department.

F. The wages of any such inmate shall be disbursed by the department for the following purposes and in the order stated, subject to the approval of the secretary of the department:

(1) The board of the inmate including food and clothing;

(2) Necessary travel expense to and from work and other incidental expenses of the inmate;

(3) Support of the inmate's dependents, if any;

(4) Payment, either in full or ratably of the inmate's obligations acknowledged by him in writing, or which have been reduced to judgment;

(5) The balance if any, to the inmate upon his discharge.

G. The wages of an inmate so employed shall be not less than the customary wages for an employee performing similar services.

H. (1) Deductions for room, board, and other administrative and incidental costs resulting from participation in a work release program authorized by this Section shall not exceed seventy percent of the gross wages received by the inmate. This deduction rate shall be established by the secretary of the Department of Public Safety and Corrections.

(2) For the purposes of this Subsection, administrative and incidental costs are all costs other than room and board.

LSA–R.S. 15:1111(D-H), amended by Acts 2010, No. 809, § 1, and effective June 30, 2010.

Plaintiff has not claimed that the deductions for room, board, and other administrative and incidental costs resulting from his participation in the work release program exceeded 70% of his gross wages.  Indeed, by his own admission, the complained of deductions are only 62% of

gross wages.   Plaintiff's complaint lacks an arguable basis in law and fact and therefore must be dismissed as frivolous.

### 3. Abusive Language

Plaintiff also complains about the harsh, abusive, and threatening language used by the defendant prison officials.  However, verbal threats, without more, do not support a claimed constitutional violation. *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir.1997); *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir.1983).  Allegations of mere verbal abuse by prison guards simply do not give rise to a cause of action under § 1983. *Bender v. Brumley*, 1 F.3d 271, 274 n. 4 (5 Cir.1993), *Siglar v. Hightower*, 112 F.3d 191 (5 Cir.1997. Plaintiff's claim to the contrary likewise lacks an arguable basis in law and fact and must also be dismissed as frivolous.

### Conclusion and Recommendation

Therefore,

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by**

4

**Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.**
*See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir.  1996).**

In Chambers, Monroe, Louisiana, August 6, 2013.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE